DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROLANDO PEREZ** and **YADIRA PEREZ,**
Appellants,

v.

**CITIZENS PROPERTY INSURANCE CORPORATION,**
Appellee.

No. 4D21-2944

[August 10, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 50-2020-CA-001311-XXXX-MB.

Elliot B. Kula, W. Aaron Daniel and William D. Mueller of Kula & Associates, P.A., Miami, for appellants.

Maureen G. Pearcy of Paul R. Pearcy, P.A., Miami, for appellee.

WARNER, J.

Appellants ("insureds") challenge a final summary judgment in favor of appellee Citizens Property Insurance Corporation ("Citizens") on insureds' claim for benefits under their homeowners' policy. The trial court found no genuine issue of fact that insureds failed to comply with their post-loss duties of prompt notification, which resulted in prejudice to Citizens. We reverse because a genuine dispute of material fact remains as to whether the delay in notification of the claim resulted in prejudice to Citizens.

Insureds purchased an insurance policy from Citizens to cover their residence. The policy contained a provision that Citizens would have no duty to provide coverage for any loss where insureds failed to give prompt notice of a loss to Citizens or insureds' insurance agent. Per the policy terms, if insureds failed to provide "prompt notice" to Citizens, and that failure was "prejudicial to [Citizens]," then the loss would not be covered.

While the policy was in effect, insureds' home sustained water damage due to Hurricane Irma around September 10, 2017. Insureds submitted a damage claim to Citizens on November 27, 2018. Citizens sent an

independent adjuster to inspect the damage the next month. Citizens then denied the claim on the basis that insureds' failure to timely report the loss prejudiced Citizens' investigation of the claim.

Insureds sued Citizens, alleging that it breached the policy by failing to pay the covered loss. Citizens answered and alleged in its affirmative defenses that insureds failed to comply with the policy's "prompt notice" and "suit against us" conditions.

Citizens moved for final summary judgment based upon the insureds' violation of the policy's "prompt notice" and "suit against us" conditions. It claimed that the insureds had notice of damage but did not report it until fourteen months after the date of loss. Due to the delay, Citizens was prejudiced, because it could not confirm the cause of the loss or the property damage attributable to it. It attached an affidavit of its corporate representative regarding the various dates and correspondence with the insureds, including a letter to the insureds stating that it was prejudiced by the late notice of the claim. It provided no evidence of prejudice.

In insureds' response, they contested Citizens' contentions that notice was untimely, and that Citizens suffered prejudice. They attached their answers to interrogatories in which they stated that that a tenant was living in their property when they first became aware of the damage to the property, which was sometime before they moved into the property in February 2019. They explained that the tenant had made some repairs and had informed them that the leaks in the roof started after Hurricane Irma. They did not state when the tenant informed them of the leaks, nor did they provide more specific information as to the date they discovered the loss.

Insureds also attached an affidavit and report from a building inspector. The report reviewed historical weather data, Citizens' field adjuster damage photos, and weather calculation manuals, and included documentation of the inspector's physical inspection of the property. The expert opined that the roof damage was caused by wind forces and processes associated with Hurricane Irma and exacerbated by later Tropical Storm Gordon. He was able to associate the property damage to Hurricane Irma "within a reasonable degree of professional certainty," notwithstanding the passage of time since the date of loss.

At the summary judgment hearing, Citizens argued both that notice was untimely and that the pre-notice tenant repairs prevented the insureds from rebutting the presumption of prejudice, on which Citizens

relied. Insureds argued that their expert's affidavit rebutted the presumed prejudice.

The trial court granted Citizens' motion for summary judgment, finding insureds' notice was untimely. Citizens was presumed prejudiced by the timing of the notice, and the insureds failed to rebut the presumption. From that judgment, insureds appeal.

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a) (2021). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *In re Amends. to Fla. R. Civ. P. 1.510*, 317 So. 3d 72, 75 (Fla. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A court "view[s] the evidence in the non-movant's favor, but only to the extent that it would be reasonable for a jury to resolve the factual issues that way." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1296 n.38 (11th Cir. 2012) (quoting *Evans v. Stephens*, 407 F.3d 1272, 1284 (11th Cir. 2005) (en banc) (Carnes, J., concurring, joined by Dubina and Hull, JJ.)).

As to the prompt notice, we conclude that the trial court did not err in granting summary judgment on this issue. While insureds claim they did not have notice of the damage until November 2018, their interrogatory answers do not give clear support for their assertions. For instance, insureds state that the tenants informed them that the leaks started around the time of Hurricane Irma, but insureds do not state when the tenants told them about the leaks. Insureds only state they became aware of the damage sometime before they moved into the property in 2019.

Because insureds did not establish the date that they first became aware of the damage, nor the date that their tenant informed them of the damage, insureds failed to make a showing sufficient to establish the existence of prompt notice, an "element essential to [their] case, and on which [they] will bear the burden of proof at trial." *Jones*, 683 F.3d at 1292 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). As the rebuttal evidence presented was "merely colorable," insureds failed to meet their burden to show "a genuine issue for trial." *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (quoting *Anderson*, 477 U.S. at 249–50); *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The trial court also found no genuine dispute as to any material fact that Citizens was prejudiced, because insureds failed to rebut the presumption of prejudice to Citizens caused by the late notice. However, the policy language places the burden on the insurer to prove prejudice. The policy language here provides that as a condition of the policy, Citizens has "no duty to provide coverage under this Policy if the failure to comply with the following duties is prejudicial to us." In *Arguello v. People's Trust Insurance Co.*, 315 So. 3d 35 (Fla. 4th DCA 2021), under similar policy language, we wrote that an insured's "failure to comply with policy conditions requires prejudice to insurer in order for that failure to constitute a material breach and permit an insurer to deny coverage for a claim. Whether insurer is prejudiced is a question of fact." *Id.* at 41–42. In *Godfrey v. People's Trust Insurance Co.*, 338 So. 3d 908, 909 (Fla. 4th DCA 2022), we relied on *Arguello* to hold that the policy language present there and in this case requires an express showing of prejudice by the insurer in order for the insured's failure to comply with policy conditions to constitute a material breach and permit an insurer to deny coverage for a claim. Thus, as Citizens alleged the notice was untimely, under the policy it was required to show prejudice.

Citizens presented no such evidence. Instead, it argued at the summary judgment that insureds' expert's affidavit did not rebut the presumption of prejudice. But the affidavit clearly raised a genuine dispute as to a material fact. The expert testified that, even with the delay in notice, he could determine that Hurricane Irma was the cause of the damages to the property and their extent. Citizens presented no evidence that it was prejudiced by the untimely notice.

The trial court erroneously relied on the presumption of prejudice which did not apply based upon the policy language. We thus reverse and remand for further proceedings.

*Reversed.*

KLINGENSMITH, C.J., and CONNER, J., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***